## No. 9387.

### T. C. SACHSE VS. CITIZENS' BANK ET AL.

An assignment of property to a third person without other considerations than in trust for the benefit of creditors, executed in this State, belongs to a class of tenures not recognized by the law of Louisiana, is of no effect, and binding on no one.

Where such assignment has been made to a non-resident by a debtor against whom an order of seizure and sale has been taken out, and is immediately followed by an injunction suit in the name of such assignee, to restrain the execution of such order, and by an application to remove the cause to the Federal Court, such assignee will be regarded as a mere nominal and collusive party, representing no interest but that of the assignors, the proceeding will be treated as a mere device to gain delay by such removal, and the order of removal should be denied.

APPEAL from the Ninth District Court, Parish of Tensas.  *Young, J.*

*Farrar & Kruttschnitt* and *Wade R. Young* for Plaintiff and Appellee.

*Miller & Finney* and *Steele & Garrett* for Defendant and Appellant.

## ON MOTION TO DISMISS

The opinion of the Court was delivered by

FENNER, J.  This is an appeal from an order of removal of the cause to the Federal Court.  The judge, having recused himself, appointed an attorney to act as judge *ad hoc*, who sat on the trial of the petition for removal and rendered in open court the order of removal and also the order granting an appeal from the same.  These orders were not signed, but were duly entered on the minutes of the court, as appears from the record certified by the clerk of the court.

The ground of the motion to dismiss is that the orders of removal and of appeal were not signed by the judge *ad hoc*, and that the minutes of the court upon which said orders were entered were not signed by him, but by the regular judge of the court.

The orders, being rendered in open court and entered on the minutes, were of a character not requiring independent signature. The correctness of the minutes is sufficiently attested by the certificate of the clerk and the signature of the regular judge, who doubtless signed them because the proceedings in this case were probably but a part of those of the day for which the minutes were kept.

The appellee's objection is equivalent to saying that he has obtained no valid order of removal. If that be true, our action on the merits will either secure him one, which he desires, by affirming the order, or in case of reversal, will leave him in no worse case, than that in which his own contention places him.

The motion to dismiss is, therefore, denied.

### ON THE MERITS.

The Citizens' Bank, a Louisiana corporation, sold to A. Cohn and D. Morris, both citizens of Louisiana, a plantation in Tensas parish, and received in part payment of the price certain mortgage notes, secured by vendor's privilege and mortgage evidenced by authentic act, importing confession of judgment and also containing the pact *de non alienando*.

These notes having fallen due and being unpaid, the bank proceeded *via executiva* in the district court of Tensas parish and obtained an order of seizure and sale, in strict conformity to the laws regulating such proceeding.

The order was issued on the thirteenth day of December, 1884.

On the seventeenth of December, 1884, the defendants in that suit, Cohn and Morris, executed an act, known in the common law States as a general assignment for the benefit of creditors, purporting to assign and convey to one T. C. Sachse, of Alabama, all their property, including the plantation under seizure by the Citizens' Bank, "the consideration of this transfer and conveyance" being, as declared in the act, "an assignment in trust for the benefit and advantage of the creditors," etc.

Sachse does not appear as a party to the act, does not sign or accept the same, and, for aught that appears, was at his home in Alabama, in blissful ignorance of the responsibilities that were being cast upon him. Yet, on the following day, the instant suit was filed in his name, being a petition for an injunction restraining the execution of the order of seizure and sale issued at the suit of the Citizens' Bank, and for other relief not necessary to specify. The affidavit for the injunction is signed by the attorney-at-law who brought the suit.

Shortly thereafter the same attorney filed, in the name of Sachse, a petition for removal of the cause to the Federal Court, furnishing bond therefor, signed "T. C. Sachse, assignee, per the attorney." We mention these matters merely as a statement of the proceedings and as showing the absence and lack of possession of Sachse, without the slightest reflection upon the conduct of the attorney, who doubtless felt himself properly authorized to act as he did. The close concatenation of these successive steps evinces the sole purpose and object from beginning to end, which evidently were no other than to obtain an injunction in the name of a citizen of another State and then remove the suit te the Federal Court. It is the latest development of the fertility of delinquent debtors in devising means to delay and hinder the pursuit of creditors.

The device, however, is too transparent to deceive any one.

The law of Louisiana has provided a summary and rapid remedy for the enforcement of mortgages evidenced by authentic act, importing confession of judgment. C. P. 732 to 753.

It authorizes the creditor to obtain an order of seizure and sale upon three days' notice to the debtor. The latter is allowed to arrest the sale by an injunction based on grounds specified by filing an opposition in the case, supported by his oath, but without bond. This is intended to be strictly an ancillary proceeding in the same case, and the law expressly requires that it shall be disposed of *summarily*, the result being that if the defendant prove sufficient grounds, the judge shall "revoke the order of seizure (Art. 742), and if he fail, "the sale shall proceed." Art. 743.

Now, it is evident that, if the debtor can concoct any scheme by which, without any real alienation or contract of any kind, he can procure a citizen of another State to take out this injunction and secure a transfer of that suit to the Federal Court, he evades the summary proceeding prescribed by our law and obtains the very delay which that law is framed to prevent; because, under system of practice prevailing in the Federal Courts the injunction suit falls on the equity side of those tribunals and must submit to the dilatory modes of proceeding there prevailing. Watson vs. Bondurant, 103 U. S. 206.

This was the evident object and would be the effect of the plan sought to be carried out in this case. It is apparent upon the face of Sachse's petition that he is a mere nominal and collusive party, under an assignment without consideration and conveying no title or interest whatever; that he is neither owner nor possessor of the property,

and represents nobody but the assignors, who are residents of the State of Louisiana.

Such is the operation of the law of Louisiana upon the assignment under which Sachse acts.

In the language of Mr. Justice Rost, in the celebrated case of Succession of Franklin, 7 Ann. 412, it "belongs to a class of tenures familiar in the other States of this Union, where the common law prevails, but unknown to the laws of Louisiana. And the jurisprudence regulating and defining the almost infinite variety of those tenures, and the rights and obligations arising under each, forms one of most important and intricate portions of that artificial system of laws. I do not see the possibility of recognizing trust estates here, without letting in all the law which regulates that peculiar tenure of property."

In the same case, Chief Justice Eustis said : "I have no knowledge of any trust estate, created under the laws of this State, nor of any case in which the legality of such an estate has been recognized by our courts. There are cases in which assignments of insolvents, residing out of the State, have been recognized, and foreign assignees have been permitted to sue for and recover property to which they were entitled, for the benefit of creditors. But I am not aware of any trust estate created in Louisiana, which has been recognized in Louisiana as a legal tenure, adversely to third persons having an interest."

These views have recognized limitations not necessary to specify here, but as applied to such an assignment as here presented, they are correct.

Our law provides the mode in which a debtor may assign his property for the benefit of his creditors, and that is by a judicial cession. C. C. 2170, et seq.

An assignment, such as that here presented, is of no effect, and is binding on nobody. Even the creditors, for whose benefit it purports to be, owe it no respect, but could seize the property as that of their debtors without regard to such assignment. It is, simply, what Chief Justice Eustis calls "an impossible title."

We have not escaped the reflection that, in our foregoing remarks, we are anticipating questions which would naturally arise for decision in Sachse's suit itself. But they are proper, as reasons for concluding that Sachse is a merely nominal and collusive party to this suit, and that the only persons interested therein are Cohn and Morris and the bank, between whom the real controversy lies. We regard Sachse as occupying no better position than if he presented a power of attorney from

Cohn and Morris authorizing him, in his own name, to take out and prosecute this injunction. We are satisfied that Cohn and Morris are acting in the name of Sachse, well knowing that the pretended assignment is a lifeless form, and that no one can benefit by the action but themselves. Under these circumstances, we conclude that the order of removal should be refused.

It is, therefore, ordered, adjudged and decreed that the order appealed from be annulled and set aside, and it is now ordered, adjudged and decreed that the petition of plaintiff praying for an order removing this cause to the Federal Court be rejected at appellee's cost in both courts.